O’Connell, J.
Plaintiff brings this suit under and by virtue-of Sections-1277 and 1278 of the Revised Statutes of Ohio, which provide, Section 1277, that the prosecuting attorney shall bring- suits such as this: and Section 1278, that on his failure or refusal to do so.’ any tax-paver may bring such suit on behalf of the state.
For a couso of action he alleges that on or about December 30. 1908, the defendant, Charles O. Richardson, Auditor of Hamilton County, Ohio, applied to the county commissioners in writing for authority to employ the defendants, Louis A. ireton and Walter M. Sehoenlc; to represent the county auditor in the case of City of Cincinnati v. Rudolph K. Hynicka, Treasurer, and Charles C. Richardson, Auditor of Hamilton County, Ohio, being cause No. 132880 on the docket of the court of common pleas, and in the case of The Cleveland, Cincinnati, Chicago & St. Louis Railway Company v. Eugene Lewis, Auditor, et al, being cause No. 52596; on the • doekef-of-the-Superior Court-of *226 Cincinnati. On or about the 12th day of January, 1909, the said board of county commissioners, against the protest and objection of the prosecuting attorney of the said county, passed a resolution employing said defendants, Ireton and Schoenle, in said cases at decompensation of two thousand dollars ($2,000) for each case, and bn or about the 2d day of February, 1909, said action w'ás approved by a majority vote of said county commissioners, and said employment was accepted by said defendants, Ireton and Schoenle.
•The two suits referred to in the petition are actions wherein, the plaintiffs in these cases have brought suit against the treasurer and auditor’ of Hamilton county to restrain the collection of certain taxes levied against- their property.
The plaintiff further contends that “the duty of said auditor with reference to said taxes was complete when the property was placed upon the tax duplicates, and the only county official now charged with any duty with reference to said taxes, is the <anuity treasurer, upon whom rests the duty of collection. Said auditor is therefore only a nominal party to said suits. The said treasurer will be represented at the trial of said cases'by the prosecuting attorney of Hamilton county, Oliio, who -by authority of law will have complete charge and contral of said cases, irrespective of the employment of the defendants, Ireton and Schoenle, hereinbefore set forth; that said employment is therefore unnecessary and will not benefit the county.”
The plaintiff avers.that said contract of employment is in contravention of the laws of Ohio, and any payment thereunder .would'be a misapplication of the public funds and money of the county. He prays that the alleged contracts may be declared to be illégal and void and that the county commissioners and county auditor be enjoined from the .payment of any money under the alleged contract of employment.
From an examination of the pleadings and the issues involved in cases No. 132880, Hamilton County Common Pleas Court, and No. 52596, Superior Court of Cincinnati, I am unable to agree with the plaintiff that the county auditor is not a proper party to the suits mentioned, and that he is a mere nominal party to such.
An examination of the pleadings and issues involved in these cases discloses that the eoprse of conduct and proceedings of *227 the county auditor, before arriving at the conclusion which im-' pelled him to place the disputed property ou the tax duplicate,' are most vital issues and that he is far from being a mere nominal party.
But aside from the question as to whether or not the auditor is a real or nominal party to sueli suits, .is the question as to whether or not under the law he is authorized to employ counsel or an attorney at law. The defense relies for such right u.pon Section 1274, Revised Statutes, such parts of which section as arc applicable being as follows:
“No county “ * * officer shall have authority to employ any other counsel or attorney at law at the expense of the county, except on the order of the county commissioners.”
The point in dispute is as to whether the auditor has authority to employ counsel or attorney at law other than the prosecuting attorney. and whether the commissioners can lawfully order, such to he done. The concurrence of both are necessary to complete the employment, for unless the commissioners ordered or authorized the employment and fixed the compensation, the request of the auditor would he futile.
It is true that Section 1274 provides that the prosecuting attorney shall be the legal adviser of all county boards and officers. Yet the Legislature indicates that circumstances may arise rendering essential to the best interests of the county, the employment of other counsel or attorney at law in specific instances. lienee, in that same section—1274—it authorizes the employment of such other “counsel or attorney at law1'.” It authorizes any county officer with the approval and concurrence of the county commissioners, to employ an attorney at law in specific instances and to act for him in such instances only. It does not leave the question of employment to the sole discretion of the interesed officer, but to the joint discretion of that officer and the board of county commissioners, who are further empowered to fix the compensation. An examination of the sections of the statutes appertaining to the duties of the county commissioners (Revised Statutes, Title VTII, Chapter I, et seg.), will disclose .that they are the conservators of all the properties, rights and privileges of the people of the county not specifically conferred by statute on other county boards or officers. Hence, they are the proper board to whose concurrence *228 the employment and payment, of counsel or attorney at-law should be submitted.. This portion of Section 1274 merely reiterates'what has long been, the law as enacted in. Section 894, to-wit: “No claims against the county shall be paid otherwise than-upon the .allowance of the county commissioners,” etc. Section-1274 therefore appeal’s to allow the county clerk, county auditor, county treasurer, county sheriff or any other county officer or.board, to determine when, in his judgment, it is expedient for the interests of his office that counsel or an attorney-at law be employed. Such determination is then communicated to the county commissioners, and if they sanction it, the contract may-be .made-upon such terms as the commissioners fix.. And as far as -this section of the statutes indicates or permits, such counsel or attorney at law may act either in conjunction with 'or in opposition to the prosecuting attorney in the transaction of the legal business for which he is employed, and for Avhich the county officer feels him to be necessary.
The evidence presented in the case at -bar shows that the employment of Messrs. Ireton and Schoenle was in the nature .of the employment of attorneys at law to appear for the- county auditor and" represent the rights and duties of that office in certain litigation. In his communication to the commissioners, the. county auditor says: . ,
“As auditor of this county, I -request your honorable board for authority to employ Louis A. Ireton and Walter M. Schoenle, attorneys at law, to represent the -auditor in the following pending cases: * * * These two cases involve important principles of the Irav -of taxation, and will, if successfully prosecuted, •increase the tax duplicate of this county to a large extent. The gentlemen above named have given considerable time to the preparation of these two cases, and I think it is to the best interests of the county that they be retained to conclude the same.. Trusting you Avill grant the authority asked for, at a compensation to be fixed by your honorable board, I am,” etc.
The Journal of the commissioners shows the following action:
• “Resolution. Whereas, the auditor of this county has re-quested this board to grant to him authority to employ Louis A.- Ireton and Walter M. Schoenle as attorneys at law to represent the County Auditor in the following pending cases: The-City of Cincinnati vs Rudolph K. Hynicka, Treasurer .of Hamilton County. Ohio and Charles C. Richardson, Auditor of Hamit *229 ton County et al, No. 132880 Court of Common Pleas of Hamilton County; and—The Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. vs Eugene L. Lewis, Auditor of Hamilton County, et al, No. 52596, Superior Court of Cincinnati.
?‘Whereas, Honorable A. B. Benedict, attorney at law, and Honorable Henry T. Hunt, Prosecuting Attorney, appeared before this board and stated in support of said request of said auditor that said cases involved grave and important legal propositions as to the right of the state to tax certain real estate of the city of Cincinnati, and certain railroad properties located’ in this county, used for depot purposes, the successful determination will be of great importance to the county, and that in their opinion it was for the best interests of the county that said Louis A. Ireton and Walter M. Schoenle; who have charge of said eases up to the present time as legal counsel of Hamilton county, be retained by the said county auditor until the conclusion of said cases; although in a communication to this board, Under this'date, the said Henry T. Hunt has changed his mind and now advises this board that said employment ‘would be inexpedient and a useless' expenditure of public money’; and
■ “Whereas, this-board deems it for the best interest of the county- that said counsel lie employed by the county auditor to conclude said cases:
“Therefore Be it Resolved, That the county auditor be and he hereby is authorized and directed to employ Louis A. Ire-ton and Walter M. Schoenle as attorneys at’ law, to represent the county auditor in all courts of record in the aforesaid cases and prosecute the same to final judgment, said employment commencing on the 19th day of January, 1909, or so soon after said ’date as this resolution shall take effect. The compensation of said attorneys is hereby fixed as follows:
-. “The sum of $2,000 to be paid to said counsel in the case of the City of Cincinnati v. Rudolph K Hynieka, Treasurer et al, No. 132880 Common Pleas Court, and the sum of $2,00Q in the case of the Cleveland, Cincinnati, Chicago & St. Louis -Ry. Co. Vs Lewis et al, No. 52596, Superior Court of Cincinnati. Said compensation to be paid said counsel out of the treasury of the county upon completion of the services herein specified.
“Cincinnati, O., January 12, 1909.
“I hereby certify that the amounts mentioned in the aforesaid employment of Louis A. Ireton and Walter M. Schoenle as •attorneys at law amounting to $4,000, is in the treasury of Hamilton county to the credit of the fund from ivhich it is to be drawn .and not appropriated for any other purpose.
“C. C. Richardson, County Auditor,
“Per F. S. Krug, Deputy.
Tanner, Aye. Comer, Nay. Struble, Aye:
*230 "P. S. Above resolution not'being passed by unanimous consent, the same is continued for twenty days. * (By order of the board.) Vol. 42, page 210. Tuesday, February 2d, 1909.
"Hamilton County Commissioners Office.
"Cincinnati, 0., Tuesday, February 2d, 1909.
1 ‘ The board met in session this a. m. Present, Messrs, Tanner, Comer and Struble, and Assistant Legal Counsel, Alfred Bettman. The minutes of the previous meeting were read and approved.
"The matter with reference to the appointment of Louis A. Ireton and Walter M. Sehoenle as special counsel for the county auditor in case No. 132880, Court of Common Pleas, Hamilton County, Ohio, and case No. 52596, Superior Court of Cincinnati, Ohio, héretobefore passed on January 12th, 1909, by resolution (see Vol. 42, pages 170-171), and same not receiving the unanimous vote of the board and on which final action was deferred for twenty days, namely,.the second day of February, 1909, was taken up and approved by the following vote:
"Tanner, Aye. Comer, Nay. Struble, Aye.”
Li further explanation of the request of the county auditor, it might be well to note that the attorneys named had been the "legal counsel” of Hamilton county, but their terms of office were about to expire; hence their preparedness in these cases, which the auditor notes.
Does the employment of these defendants as attorneys at law io represent the county auditor in these two pending cases (one had been filed November 20th, 1905, and the other February 1st, 1905) come within the inhibition laid down by the Supreme Court as decided in the case of State, ex rel Cline, v. Cannon et al, 7 O. L. Rep.,. 118?
As shown by this decision the judgment of the Supreme Court affirms the judgment of the circuit court for the reasons set forth in the opinion of the circuit court as found in 12 C. 0.—X. S., 163. The syllabus of that case is as follows:
"In so far as Section 845 attempts to authorize the appointment of legal counsel by county commissioners, it contravenes the provision of Section 2 of Article X of the Constitution of the state of Ohio, that all county officers shall be elected by the electors of their respective counties.”
And the court held specifically that under the terms of employment and with the duties incumbent on them as disclosed by the evidence, the defendants were in-fact performing the fune *231 t.ions of county officers and hence, not having been elected, wore holding office illegally.
But an examination of that case shows that the board of county commissioners of that (Cuyahoga) county, selected and employed the defendants in that ease. The resolution of that board reads:
‘ ‘ Resolved, That this board employ --as legal counsel at an annual compensation of $3,000, and that it further employ-as assistant legal counsel at^an annual compensation of $2,000.
“The terms of employment herein made shall be for the term of three (3) years, beginning on the 15th day of August, 1908, and fully to be completed and ended on the 14th day of August, 1911.
“This board shall provide offices for such legal counsel and his assistants, together with stenographer, telephone service and all necessary law books and stationery and supplies for the proper management and conduct of said office.
“* * * the compensation of said legal counsel * ® * shall be paid semi-annually out of the county treasury upon the allowance of the board, ”
I can not agree with counsel for plaintiff in the ease at bar that the action of the county auditor in selecting and recommending an attorney at law to appear for him in a pending suit and requesting the commissioners for authority to employ him and to fix the compensation, as permitted by Section 1274, is exactly parallel to and equally unconstitutional with Section 845, wherein the county commissioners at the request of the prosecuting attorney select and appoint a legal- counsel with all the rights, privileges and duties devolved upon such an officer.
• It will be further noted that the employment is not by the commissioners, but by the county officer; the language of the statute being that such officer has the authority to employ; he names the attorney or counsel; provided he obtains the sanction and assent of the commissioners and upon their order.
Their sanction may have been deemed by the Legislature to be necessary for a number of reasons, such as the fact that they must be satisfied of the actual necessity of the employment; that funds for the payment are available and other reasons which may suggest themselves.
This section of the statutes having apparently given this discretion -to the county officers and boards of county commissioners, the court can not interfere with .the lawful exercise of such discretion.
*232 For the reasons therefore, that in Section 1274 the Legislature recognizes the fact that at certain times or in a given instance a county officer may feel the necessity of the assistance of an attorney at law in the proper administration of the duties of his office, other than or in addition to the prosecuting attorney, and that in acting upon his request under said section, the county commissioners are but performing duties already conferred upon them by Section 894 and kindred sections. And fen.' the further reason that such request, concurrence and employment are not similar to the action provided for in Section 845, which the Supreme. Court has declared unconstitutional, I am of the opinion that application of the plaintiff for an injunction should be denied.